**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES B. WOLFF, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> TOMAHAWK MANUFACTURING, a Wisconsin corporation, <br><br> Defendant-Appellant. | No.   22-35145 <br><br> D.C. No. 3:21-cv-00880-SI <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted December 7, 2022
Seattle, Washington

Before: O'SCANNLAIN, McKEOWN, and MILLER, Circuit Judges.

Tomahawk Manufacturing ("Tomahawk"), a Wisconsin corporation that produces equipment for the meat-processing industry, appeals the district court's denial of its motion to compel arbitration with James Wolff. Tomahawk argues that a 2012 contract ("FOT Agreement") between Spherical IP, LLC ("Spherical") and Formtec, LLC ("Formtec") incorporated by reference a 2010 confidentiality

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

agreement ("2010 NDA") between Tomahawk and Wolff, and, consequently, that the FOT Agreement's arbitration clause governs Wolff's breach of contract claims under the 2010 NDA.  We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's denial of a motion to compel arbitration.  *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1091 (9th Cir. 2014).  As the contracts at issue stipulate, Wisconsin law applies to this dispute.  We affirm.

Wisconsin courts have had "little opportunity" to "apply contract and agency principles to the enforcement of arbitration agreements by or against nonsignatories." *Mayer v. Soik*, No. 2020AP199, 2021 WL 3073073, at *6 (Wis. Ct. App. July 21, 2021); *see also Pagan v. Integrity Sol. Servs., Inc.*, 42 F. Supp. 3d 932, 934 (E.D. Wis. 2014) (noting the lack of Wisconsin caselaw on the issue). Tomahawk relies heavily on *Mayer*, an unpublished disposition, and has not identified any binding Wisconsin authority or persuasive federal caselaw.  *See Employers Ins. of Wausau v. Jackson*, 527 N.W.2d 681, 686 n.5 (Wis. 1995) (explaining that Wisconsin courts may look to "federal court interpretations" of the Federal Arbitration Act "as an aid in the resolution" of cases regarding the Wisconsin Arbitration Act).  *Mayer* is both nonauthoritative and distinguishable: there, the court noted that the parties whom a nonsignatory sought to bind to arbitration were technically nonsignatories as well but had stipulated that they each

qualified as "a signatory by virtue of a 'personal guarantee' addendum." *Mayer*, No. 2020AP199, at *6. No such stipulation occurred here.

Even if a combination of agency and equitable estoppel theories could support Tomahawk's bid to bind Wolff to arbitration, Tomahawk forfeited those arguments by failing to develop them below. The district court found that Tomahawk had "not argue[d] theories of agency, alter ego, or piercing the corporate veil," but "simply sa[id] in describing the factual background that, on information and belief, Wolff is the sole member of Spherical." This assertion about Spherical's membership is insufficient to support Tomahawk's more robust arguments regarding agency and equitable estoppel on appeal. In addition, these arguments address only why Wolff should be bound. On appeal, Tomahawk still fails to explain why it can enforce an agreement that it did not sign.

Tomahawk's incorporation by reference argument also fails. While "[i]t cannot be disputed that Wisconsin has adopted the doctrine of incorporation by reference," *In re Erbach's Estate*, 164 N.W.2d 238, 242 (Wis. 1969), the doctrine is not endlessly flexible. The FOT Agreement's confidentiality clause may have incorporated the 2010 NDA by reference, but Tomahawk has proffered no convincing argument for holding that the 2010 NDA, in turn, incorporated the FOT Agreement's arbitration clause. Wolff's assertion that the FOT Agreement concerns a narrower range of "technology" than the 2010 NDA also substantiates

3

the 2010 NDA's "independent legal effect" and weighs against incorporating the arbitration requirement. Although we pass no judgment on the effect of the interim arbitration award between parties related to this dispute, we note that our view of incorporation does not conflict with the arbitrators' conclusions.

**AFFIRMED.**[1]

---

[1] We construe Tomahawk's motion to seal (Dkt. No. 49) as pertaining to the interim arbitration award submitted as a supplemental authority pursuant to Fed. R. App. P. 28(j) (Dkt. No. 47), and we grant the motion. We also grant Wolff's motion to file under seal a letter responding to Tomahawk's notice of supplemental authority (Dkt. No. 54).