Michael J. Morris, OSB # 772839
Email: mike@bennetthartman.com
Aruna A. Masih, OSB #973241
Email: aruna@bennetthartman.com
BENNETT HARTMAN, LLP
210 SW Morrison St., Suite 500
Portland, Oregon 97204-3149
Telephone: (503) 227-4600/Fax: (503) 248-6800
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES B. WOLFF,**<br><br>Plaintiff,<br><br>v.<br><br>**TOMAHAWK MANUFACTURING**, a Wisconsin corporation,<br><br>Defendant. | Civil No. 3:21-cv-00880-SI<br><br>**PLAINTIFF'S REPLY REGARDING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Plaintiff files this brief reply to regarding his motion for leave to file a Third Amended Complaint.

First Claim for Relief – Ninth Circuit Decision

In objecting to Plaintiff's motion Defendant argues that its affiliate company, Formtec, Inc. [sic] "completely prevailed at arbitration" and that, therefore, plaintiff should not include the First Claim in its proposed Third Amended Complaint. The Ninth Circuit has affirmed this court's ruling that the First Claim is not subject to arbitration. *See* Morris Decl., Ex. 1. The Ninth Circuit recognized that the FOT Agreement which was the subject of the arbitration involved a narrower range of "technology" than the 2010 NDA, which is the subject of the instant case. The Ninth Circuit also held that the FOT Agreement was not incorporated into the 2010 NDA" and that the Court's decision does not conflict with the arbitrators' conclusions.

Because the arbitrators did not have jurisdiction over the claim set forth in the First Claim herein, because the arbitration was for a narrower range of "technology" and because, therefore, there is no basis to apply claim preclusion or issue preclusion principles, this court should reject defendant's arguments.

<u>Sixth Claim for Relief – ORS 654.062</u>

Second, plaintiff did remove from the new sixth claim allegations regarding a request for reasonable accommodation at defendant's request. Defendant has not alleged any undue prejudice created by plaintiff's motion to amend and add a claim under ORS 654.062 within the deadlines to do so. Moreover, plaintiff has at all times expressed a willingness to extend the deadlines to the extent that defendant is in need of greater time to defend against the new claim, despite its admission that the new claim does not raise new facts. The court should, therefore, also reject this argument.

<u>Third Claim for Relief – ORS 659A.112</u>

Finally, regarding the third claim for disability discrimination, defendant's concerns regarding the reasonable accommodation allegations from the disability discrimination claim are better addressed through a motion for summary judgment. *See e.g.  Mahone v. Pierce Cnty.*, No. C10-5847 RLB/KLS, 2011 WL 2009740, at \*2 (W.D. Wash. May 23, 2011) *citing Roth v. Garcia Marquez*, 942 F.2d 617, 629 (9th Cir. 1991)("A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal.")

 Defendant is fully aware that ORS 659A.112(2)(e) makes it unlawful for it to "not make reasonable accommodation to *the known physical* or mental *limitations* of a qualified individual with a disability who is a job applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer." Thus, defendant's knowledge of plaintiff's physical limitations and whether it engaged in the "interactive process" necessary to determine and provide reasonable

accommodations (ORS 659A.118) for those known limitations is best left for summary judgment.

CONCLUSION

For all these reasons and those included in the motion, the court should grant plaintiff's motion for leave to file the Third Amended Complaint.

DATED this 19th day of December, 2022.

BENNETT HARTMAN, LLP,

/s Michael J. Morris
Michael J. Morris, OSB #772839
Aruna A. Masih, OSB #973241
Telephone (503) 227-4600
Of Attorneys for Plaintiff