# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES B. WOLFF, | Case No. 3:21-cv-880-SI |
| Plaintiff, | **ORDER** |
| v. | |
| TOMAHAWK MANUFACTURING, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

James B. Wolff ("Wolff") sued his former employer Tomahawk Manufacturing ("Tomahawk"). His first claim for relief alleged breach of contract, contending that Tomahawk breached a Confidentiality Agreement signed by Wolff and Tomahawk on November 18, 2010 ("2010 NDA"). Wolff sought money damages and equitable relief for this claim. He also brought several employment claims. Tomahawk brought two counterclaims against Wolff. The Court granted summary judgment against the first counterclaim, alleging breach of the implied contractual duty of good faith and fair dealing. Shortly before trial, Tomahawk voluntarily dismissed with prejudice its second counterclaim, alleging breach of the employee duty of loyalty.

PAGE 1 – ORDER

The Court held a jury trial, beginning June 16, 2025, to resolve Wolff's breach of contract money damages claim and his employment claims. At the close of Wolff's case, the Court granted Tomahawk's motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure on Wolff's contract claim. At the close of all evidence, the jury returned a defense verdict on Wolff's employment claims. After the jury trial, the Court issued an order finding in favor of Tomahawk on Wolff's claim for equitable relief under the parties' contract, for the same reasons the Court found in favor of Tomahawk on its Rule 50(a) motion.

Although previously represented by counsel, Wolff currently is proceeding *pro se*. When Wolff was represented by the Law Office of Stephen Healy, counsel filed a motion requesting attorney's fees in the amount of $2,176,600, and costs in an unidentified amount.[1] Counsel provided no evidence supporting the amount or reasonableness of the requested fees and did not file a Bill of Costs.

Tomahawk also filed a motion for attorney's fees and filed a Bill of Costs. Tomahawk requests fees only for prevailing at trial on Wolff's contract claim. Tomahawk does not request fees for the employment claims.

## A.  Wolff's Motion for Attorney's Fees

Wolff's motion and reply is mostly focused on whether *Tomahawk* should receive attorney's fees, and provides little argument and no evidence about whether *Wolff* should receive attorney's fees. Wolff is the prevailing party on Tomahawk's contract counterclaim for which the

---

[1] In Wolff's reply, counsel stated that they provided an itemization in support of their attorney's fees and costs request in "Exhibit A" to the "Joint Declaration by Stephen Healy and Sean Healy" and submitted a Bill of Costs as "Exhibit B" to that declaration. ECF 567 at 6. Counsel, however, did not file a Joint Declaration by Stephen Healy and Sean Healy, and the Declaration of Sean Healy that was filed did not contain any exhibits and did not contain any itemization of attorney's fees or costs. Nor did Wolff file a Bill of Costs.

Court granted summary judgment in Wolff's favor. Wolff is entitled to attorney's fees through the date of that summary judgment opinion. *See, e.g.*, *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020) (reversing district court's denial of attorney's fees after granting summary judgment and remanding for consideration of attorney's fees "under the guiding factors" of copyright law).

The Court, however, must be able to assess a reasonable fee amount. As explained by the Supreme Court,

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Wolff failed in his burden to provide any basis on which the Court could evaluate a reasonable attorney's fee. In his motion, Wolff provided only a dollar amount estimated by counsel. But the Court must assess whether that dollar amount includes hours that are not compensable, such as time spent on work for claims on which Wolff was not the prevailing party, or "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434; *see also Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("Plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims.").

In his reply, Wolff states that he "has attached an itemized statement of fees and costs." ECF 567 at 6. But he cites nonexistent exhibits to a phantom declaration. Because Wolff failed to properly document his fee request, the Court denies Wolff's motion for attorney's fees, and for

PAGE 3 – ORDER

any costs, to the extent he intended to request costs.[2] *See Stewart v. Gates*, 987 F.2d 1450, 1453 (9th Cir. 1993) ("It is an abuse of discretion for the court to award fees for hours that are not properly documented.").

**B.  Tomahawk's Motion for Attorney's Fees**

Tomahawk moves for attorney's fees based on a fee provision in the 2010 NDA. This fee provision states: "The Disclosing Party [Wolff] shall be entitled to recover from the Receiving Party [Tomahawk] any fees and costs, including attorney's fees, incurred by it in enforcing the terms and provisions of this Agreement." ECF 294-1 at 3. The 2010 NDA also has a governing law provision that requires it be construed and enforced under Wisconsin law. *Id.* Tomahawk is a Wisconsin company, with its principal place of business in Plymouth, Wisconsin.

Wolff argues that fees should not be awarded to Tomahawk because under Wisconsin law, "one-way" fee provisions are enforced. *See, e.g.*, Jeffrey C. Bright, *Unilateral Attorney's Fees Clauses: A Proposal to Shift to the Golden Rule*, 61 Drake L. Rev. 85, 119-20 n.171 (2012) (including Wisconsin in the list of states that "do not have any reciprocal attorney's fees statutes"). Wolff contends that the Court should apply Wisconsin law as intended under the 2010 NDA and not enforce Oregon Revised Statutes ("ORS") § 20.096. Under ORS 20.096(1), one way fee provisions become reciprocal.[3]

---

[2] The Court declines to address whether Wolff would have been eligible to receive attorney's fees on Tomahawk's second counterclaim, because, regardless, Wolff failed to meet his burden to document his entitlement to reasonable fees.

[3] ORS 20.096 states: "In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements, without regard to whether the prevailing party is the party specified in the contract and without regard to whether the prevailing party is a party to the contract." ORS 20.096(1).

PAGE 4 – ORDER

In Oregon, courts generally evaluate "the contractual rights and duties of the parties" under "the law or laws that the parties have chosen." ORS 15.350(1). The law chosen by the parties "does not apply to the extent that its application would . . . [c]ontravene an established fundamental policy embodied in the law that would otherwise govern the issue in dispute." ORS 15.355.

"The drafters of ORS 20.096 were principally concerned with protecting Oregon consumers who enter into contracts with sellers of goods and services that give the sellers the unilateral right to an award of prevailing party attorney fees." *Cap. One Bank v. Fort*, 242 Or. App. 166, 171 (2011); *see also id.* at 174 ("ORS 20.096 protects Oregon consumers who enter into contracts that include one-sided attorney-fee provisions with sellers of services who enjoy an advantage in bargaining power."). "However, where parties of equal bargaining power exercise their 'freedom to choose' a given law, Oregon's policy interest in protecting weak consumers entering contracts for goods and services from one-sided fee provisions does not supersede that choice." *Virgo Inv. Grp., LLC v. Poggi*, 2021 WL 1051536, at *4 (D. Or. Mar. 19, 2021) (quoting *Fiedler v. Bowler*, 117 Or. App. 162, 166 (1992)). "[I]rrespective of the laudable public policy behind ORS 20.096," there are circumstances in which courts in Oregon enforce unilateral attorney fee provisions under other state law. *See Seattle-First Nat. Bank v. Schriber*, 51 Or. App. 441, 449 (1981); *see also Virgo Inv. Grp.*, 2021 WL 1051536, at *4; *Fiedler*, 117 Or. App. at 166.

Such circumstances exist here. Applying Wisconsin law would not "circumvent a fundamental public policy of Oregon law." *Fiedler*, 117 Or. App. at 166. The relationship between Wolff and Tomahawk in entering the 2010 NDA had many of the distinguishing features highlighted in *Fiedler* and distinguished in *Capital One*:

PAGE 5 – ORDER

> Further, unlike *Fiedler*, in which the parties to the contract, who were not consumers entering a contract for goods or services, had equal bargaining power, defendant had little, if any, bargaining power in this case. Plaintiff sent defendant, an Oregon consumer, a contract for the extension of credit services on a "take-it-or-leave-it" basis, and the cardholder agreement, based on the record before us, has characteristics of a contract of adhesion.

*Cap. One*, 242 Or. App. at 174. Tomahawk and Wolff entered into the 2010 NDA as a corporation and a businessperson, respectively—no one was a consumer or subject to a contract of adhesion. Further, Wolff, as the *Oregon* resident, was an individual with arguably less bargaining power than Tomahawk, the *Wisconsin* resident and larger corporation. Thus, to the extent Oregon's public policy of protecting Oregon's consumers would be at play, it would be focused on protecting Wolff, not Tomahawk.

The Court declines to apply ORS 20.096. The Court enforces the parties' agreed-upon term that attorney's fees are only recoverable under the 2010 NDA by Wolff. The Court, therefore, denies Tomahawk's motion for attorney's fees.

## C. Tomahawk's Bill of Costs

Under Federal Rule of Civil Procedure 54, costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion. . . . [and] explain why a case is not ordinary." *Id.* at 593 (quotation marks omitted).

Costs taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Ent. Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005). Section 1920 lists the specific items a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;

PAGE 6 – ORDER

(2) Fees for printed or electronically recorded transcripts *necessarily obtained* for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are *necessarily obtained* for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6) (emphases added). Section 1821 authorizes certain costs related to witnesses.

A district court retains "broad discretion" to award costs, if any. *See Davis v. Mason County*, 927 F.2d 1473, 1487 (9th Cir. 1991), *superseded in part by statute on other grounds*. The court's "discretion, however, does not include 'the authority to tax costs beyond those authorized by statute.'" *Atl. Inertial Sys. Inc. v. Condor Pac. Indus. of Cal., Inc.*, 2012 WL 12878308, at *1 (C.D. Cal. Jan. 19, 2012) (quoting *Johnson v. Pac. Lighting Land Co.*, 878 F.2d 297, 298 (9th Cir. 1989)); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) ("Section 1920 'define[s] the full extent of a federal court's power to shift litigation costs absent express statutory authority.'" (quoting *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991) (alteration in *Grove*))).

Tomahawk requests costs in the amount of $88,136.16, relying on § 1920. Tomahawk lists its requested costs and submits supporting receipts and other documentation supporting the amount of each. Tomahawk, however, offers no argument relating to any of the requested costs, nor does Tomahawk explain how any of the requested costs were reasonable or necessary. Tomahawk offers only a blanket statement at the close of its supporting declaration that all costs were "necessarily incurred." ECF 559 at 5. The Court considers each category of requested costs.

PAGE 7 – ORDER

### 1. Costs requested under § 1920(1)

Tomahawk requests costs under § 1920(1) in the amount of $600 for its attorney's *pro hac vice* admittance. The Ninth Circuit, however, has held that such costs are not recoverable. *See Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 957-58 (9th Cir. 2013).

### 2. Costs requested under § 1920(2)

Tomahawk requests costs under § 1920(2) for (a) copies for exhibits to one deposition; (b) several deposition transcripts; (c) the transcript from the pretrial conference; (d) rough transcripts from during trial; and (e) the final trial transcripts.

"Depositions are necessary if introduced into evidence or used at trial for impeachment or cross-examination. The cost of a deposition not used at trial still may be recovered if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Hunt v. City of Portland*, 2011 WL 3555772, at *6 (D. Or. Aug. 11, 2011) (quotation marks and citation omitted). The requested deposition transcripts were used in support of summary judgment and pretrial motions, and at trial. Thus, the Court finds these transcripts were necessarily obtained, as were the copies for the deposition of Samuel Gannon. These costs total $19,105.37.

Tomahawk, however, provides no explanation for how why transcript for the pretrial conference was "necessarily obtained." The Court issued detailed rulings on that same day resolving the motions in limine and Wolff's motion to amend his witness list, ECF 496, and an order explaining trial procedures and setting time limits, ECF 497. The Court therefore denies this aspect of Tomahawk's requested costs. *See, e.g.*, *Hunt*, 2011 WL 3555772, at *9 (denying request for costs for transcripts of court hearings in which the court had issued written rulings after the hearings); *see also Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, 2014 WL 837389,

PAGE 8 – ORDER

at *17 (D. Or. Mar. 3, 2014), *aff'd*, 649 F. App'x 585 (9th Cir. 2016) ("Plaintiff does not adequately explain why the pretrial conference transcript was necessary. The fee for the pretrial conference transcript is denied.").

Regarding daily transcripts, "[t]he premium charge for a daily transcript can be awarded if the daily transcript is a necessity rather than for the convenience of counsel." *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246, at *3 (D. Or. Feb. 9, 2009); *see also Hunt*, 2011 WL 3555772, at *8 ("The expense of daily transcripts usually requires prior court approval or a finding by the district court that 'the case is complex, and the transcripts proved invaluable to both counsel and the court.'" (quoting *A.B.C. Packard, Inc. v. Gen. Motors Corp.*, 275 F.2d 63, 74 (9th Cir. 1960))). Defense counsel offers no explanation for why this cost was a necessity, nor does the Court find it to be so.[4] *See Doad v. C.R. England, Inc.*, 667 F. Supp. 3d 1096, 1101 (D. Or. 2023) ("Defense counsel does not adequately explain why the daily transcripts were necessary rather than for convenience. Accordingly, the Court declines to award this cost.").

The Court also declines to award costs for the final official transcript. Tomahawk had already filed its responses to Wolff's post-trial motions when these transcripts were obtained. Thus, these transcripts were not necessarily obtained to respond to those motions. *Cf. Allison v. Smoot Enters. Inc.*, 2020 WL 68300, at *2 (D. Or. Jan. 7, 2020) ("Plaintiffs' citations to the

---

[4] Even if Tomahawk had asserted that this case was sufficiently complex to warrant recovery for daily trial transcripts, the Court would disagree. Although Wolff's case-in-chief contained some expert testimony regarding his claimed confidential information, "[t]he Court declines to make a finding that this case was so complex as to require realtime transcripts for either counsel or the Court." *See Allison v. Smoot Enters. Inc.*, 2020 WL 68300, at *2 (D. Or. Jan. 7, 2020) (denying cost request for daily transcripts even though case involved expert testimony and some "complexities"). Further, after the Court granted judgment as a matter of law in favor of Tomahawk on Wolff's contract claim at the close of his case, the remainder of trial focused solely on straightforward employment claims.

official transcript demonstrated that it was necessarily obtained for use in their response to defendants' post-trial motions."). Nor is it yet known if any party will appeal this case.

### 3. Costs requested under § 1920(4)

Tomahawk requests $11,471.89 for services by a third-party vendor relating to trial exhibits and $27,550.75 for a trial technology consultant. Regarding trial exhibits, generally copies made for trial exhibits are recoverable, but not copies made for the convenience of counsel. *See, e.g.*, *Ash Grove Cement*, 2014 WL 837389, at *17; *Hunt*, 2011 WL 3555772, at *11. "A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient." *Hunt*, 2011 WL 3555772, at *11.

Here, Tomahawk provides no information about the services other than the receipt of the third-party vendor. This is insufficient. *See id.* at *11-12. "The court cannot determine what copies were made for what purpose . . . or whether unnecessary copies are included in [Tomahawk's] request for reimbursement, all of which is information required for a determination of necessity under Rule 54." *Id.* at *11. For example, the vendor made 44 binders and 1I,948 number tabs. Given the number of binders needed for the Court for trial, much of that work appears to have been for the convenience of the attorneys. The vendor also made 44,998 copies, and given the number of pages of exhibits necessary for Court use at trial, many of those copies appear to have been for the convenience of the attorneys. Tomahawk's boilerplate representation at the close of its declaration that all costs were necessarily incurred is insufficient to show that all of these photocopy expenses are recoverable. *See id.* at *12 (concluding that similar generic "representations, by themselves, are not sufficient to substantiate that these copying costs are, in fact, recoverable"). The Court denies Tomahawk's request for exhibit copy costs.

PAGE 10 – ORDER

As for the requested cost for a trial technology consultant, courts routinely deny this expense as unnecessary or as improperly supported if not explained. *See, e.g.*, *Minden v. Allstate Prop. & Cas. Ins. Co.*, 2025 WL 2528624, at \*14 (D. Nev. Sept. 3, 2025); *Brown v. Cascade Mgmt., Inc.*, 2018 WL 4207097, at \*4 (D. Or. Sept. 4, 2018); *Chang v. County of Santa Clara*, 2016 WL 6162460, at \*10 (N.D. Cal. Oct. 24, 2016), *aff'd sub nom. Shiow-Huey Chang v. County of Santa Clara*, 726 F. App'x 565 (9th Cir. 2018); *Memory Lane, Inc. v. Classmates Int'l, Inc.*, 2014 WL 12617383, at \*3 (C.D. Cal. July 25, 2014); *Hunt*, 2011 WL 3555772, at \*14-15. The Court agrees with this authority and denies this expense.

### 4. Final Total

The Court awards costs requested for deposition transcripts and the copies required for Mr. Gannon's deposition. These costs total $19,105.37.

## D. Conclusion

The Court DENIES Plaintiff's Motion for Attorney's Fees, ECF 553. The Court DENIES Defendant's Motion for Attorney's Fees, ECF 554. The Court GRANTS IN PART and DENIES IN PART Defendant's Bill of Costs. The Court awards Defendant's $19,105.37 in costs and denies all other requested costs.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge