IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES B. WOLFF, | Case No. 3:21-cv-880-SI |
| Plaintiff, | **ORDER** |
| v. | |
| TOMAHAWK MANUFACTURING, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

James B. Wolff ("Wolff") sued his former employer Tomahawk Manufacturing ("Tomahawk"). His first claim for relief alleged breach of contract, contending that Tomahawk breached a Confidentiality Agreement signed by Wolff and Tomahawk on November 18, 2010 ("2010 NDA"). Wolff sought money damages and equitable relief for this claim. He also brought several employment claims. Tomahawk brought two counterclaims against Wolff. The Court granted summary judgment against the first counterclaim, alleging breach of the implied contractual duty of good faith and fair dealing. Shortly before trial, Tomahawk voluntarily dismissed with prejudice its second counterclaim, alleging breach of the employee duty of loyalty.

PAGE 1 – ORDER

The Court held a jury trial, beginning June 16, 2025, to resolve Wolff's breach of contract money damages claim and his employment claims. At the close of Wolff's case, the Court Tomahawk moved for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure on Wolff's contract claim. During the Court's discussion of Tomahawk's 50(a) motion, Wolff moved to amend his Third Amended Complaint to conform to the evidence and invalidate a contract, the FOT Agreement, entered into between nonparties Spherical IP, LLC (associated with Wolff) and Formtec, LLC (associated with Tomahawk). The Court denied that motion and granted Tomahawk's Rule 50(a) motion. At the close of all evidence, the jury returned a defense verdict on Wolff's employment claims. After the jury trial, the Court issued an order finding in favor of Tomahawk on Wolff's claim for equitable relief under the parties' contract, for the same reasons the Court found in favor of Tomahawk on its Rule 50(a) motion.

Although previously represented by counsel, Wolff currently is proceeding *pro se*. When Wolff was represented by the Law Office of Stephen Healy, counsel filed a post-trial motion for new trial based on juror misconduct, which the Court denied. Counsel then filed a second post-trial motion, for renewed judgment as a matter of law and, in the alternative, for a new trial. Wolff, representing himself, filed the reply.

## A. Plaintiff's Motion for Renewed Judgment as a Matter of Law

Under Rule 50(b) of the Federal Rules of Civil Procedure, judgment as a matter of law is proper if "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quotation marks omitted); *see also Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014) (explaining that a motion for judgment as a matter of law must be granted if "the evidence and its inferences cannot reasonably support a judgment in favor of the opposing

PAGE 2 – ORDER

party"). Because a motion under Rule 50(b) is a renewed motion, "a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law that it did not first raise in its Rule 50(a) pre-verdict motion.'" *Go Daddy*, 581 F.3d at 961 (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)).

Wolff cites the standard that a motion cannot be brought under Rule 50(b) unless a motion first has been brought under Rule 50(a), but then fails to identify *Wolff's* Rule 50(a) motion at trial. Wolff quotes the Court's statement that it would not grant Wolff's *motion to amend* the complaint while considering *Tomahawk's* Rule 50(a) motion. *See* ECF 564 at 2; *see also* Trial Tr. 732:11-22 (ECF 589 at 128). Because Wolff did not bring a Rule 50(a) motion, the Court denies Wolff's Rule 50(b) motion.

## B.  Plaintiff's Motion for New Trial

### 1.  Standards

Under Rule 59(a) of the Federal Rules of Civil Procedure, a district court may "on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for new trial may be granted." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). "Rather, the court is 'bound by those grounds that have been historically recognized.'" *Id.* (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)); *see also Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007).

PAGE 3 – ORDER

Unlike a motion (or renewed motion) for judgment as a matter of law under Rule 50, when considering motion for new trial under Rule 59 the Court is not limited to viewing the evidence in the light most favorable to the non-moving party. *Experience Hendrix*, 762 F.3d at 842. Rather, the Court "can weigh the evidence and assess the credibility of the witnesses." *Id.* Although a district court may view the evidence differently than the jury, a district court may not substitute its "evaluations for those of the jurors." *Union Oil Co. of Cal. v. Terrible Herbst, Inc.*, 331 F.3d 735, 743 (9th Cir. 2003); *see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict."); *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2015 WL 925892, at *1 (N.D. Cal. Mar. 2, 2015) (noting that a judge should not grant a new trial unless "left with the definite and firm conviction that a mistake has been committed" (quoting *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987)).

A "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)). In determining the clear weight of the evidence, "the district court has 'the duty . . . to weigh the evidence as [the court] saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in [the court's] conscientious opinion, the verdict is contrary to the clear weight of the evidence.'" *Id.* (alterations in original) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

PAGE 4 – ORDER

## 2.   Discussion

### a.   Breach of Contract Claim

Wolff argues that he is entitled to a new trial on his contract claim because the Court made decisions against the "law of the case." Wolff first argues that the Court improperly considered that products covered under the FOT Agreement were not part of this trial. That conclusion, however, was consistent with the Court's decisions at summary judgment and Wolff's *stipulation* at trial.[1]

Wolff next argues that the Court improperly took the decision from the jury about whether the 2010 NDA was breached when the Court had concluded at summary judgment that there were sufficient factual disputes for a jury to decide. The Court's summary judgment decisions were based on assertions that Wolff was claiming damages and equitable relief based on non-meat forming products. *See, e.g.*, *Wolff v. Tomahawk Mfg.*, 2024 WL 3540845, at *6 (D. Or. July 24, 2024) ("Wolff requests injunctive relief, however, relating only to his claimed technology of orifices in geometric shapes creating a venturi effect increasing acceleration with decreased pressure in water applications and vacuum bars (Disputed Technology). . . . Wolff contends that the FOT Agreement covers only inventions that relate to the meat forming industry, because by its own terms, "fiber orienting technology" must have fibers to orient and thus must be related to meat."); *Id.* at *7 ("Wolff asserts that his claimed technology, particularly the Disputed Technology, is not covered by the FOT Agreement because it is unrelated to meat products, and thus is not fiber orienting and so it remains his technology."); *Wolff v. Tomahawk*

---

[1] Wolff's second counsel, The Law Offices of Stephen Healy, are quick to distance Wolff from stipulations made by his former counsel, Bennett Hartman, LLP. But this stipulation was made *by Mr. Healy*. *See, e.g.*, ECF 469 at 5 (stipulating to Tomahawk's motion *in limine* to preclude testimony or evidence at trial that FOT technology is at issue in this case).

*Mfg.*, 689 F. Supp. 3d 923, 942 n.6 (D. Or. 2023) ("Although Confidential Information as defined in the 2010 NDA encompasses the FOT technology, it also includes other information not relating to the FOT. Wolff contends that he has imparted to Tomahawk several innovations and inventions, some relating to the FOT, others unrelated. It is the non-FOT Confidential Information that is the current subject of this case. *See* Wolff Decl. ¶ 42 (setting out a non-exclusive list of non-FOT Confidential Information that Wolff seeks to enjoin Tomahawk from using further). Thus, there is not an identity of claims and any decision by this Court regarding Tomahawk's alleged violation of its non-FOT obligations in the 2010 NDA would not affect the arbitration decision."). The Court also found an issue of fact whether Wolff provided sufficient notice as required under the 2010 NDA. *See Wolff*, 2024 WL 3540845, at *8, *11.

The evidence introduced at trial, however, did not prove those summary judgment assertions. To the contrary, the evidence showed that all products for which notice and damages were shown at trial were meat related. *See, e.g.*, Trial Tr. 729:4-12; 732:24-736:2 (discussing evidence introduced at trial).

Finally, Wolff argues that the Court erred by allowing Tomahawk to assert the FOT Agreement as an "affirmative defense" that was not timely pleaded. That is not, however, an accurate summary of the Court's decision to grant Tomahawk's Rule 50(a) motion and find in favor of Tomahawk on Wolff's claim for equitable relief. It is *Wolff* who has framed this case as not involving technology governed by the FOT Agreement. And that is for good reason. Wolff sold and assigned the technology covered by the FOT Agreement to Spherical, who in turn sold and assigned it to Formtec. Spherical and Formtec would have needed to be parties in this case to

PAGE 6 – ORDER

assert rights relating to products covered under the FOT Agreement, and would have then needed to contend with the arbitration clause.[2]

### b. Employment claims[3]

Wolff relies on an audio recording that was presented at trial to support his motion for new trial on his employment claims. The Court agrees that this recording was strong evidence in Wolff's claim for disability discrimination under Oregon law. A reasonable jury, however, could still have found for Tomahawk based on the other evidence presented at trial. Wolff's testimony was confusing regarding the chronology of events leading up to and after this telephone call. Tomahawk introduced an employment separation agreement drafted by Wolff and argued that leaving his employment was Wolff's idea so he could misappropriate Tomahawk's technology. Tomahawk also introduced other evidence relating to that alleged misappropriation. Wolff did not introduce the other documents that were listed on the exhibit list that showed that the separation agreement originally was drafted by Tomahawk, to clarify the timeline.

Regarding Wolff's other employment claims, he points to no evidence that shows that the jury's verdict was unsupported or should be overturned. At trial, Wolff relied on his own testimony to support those claims. He chose not to supplement that testimony with the documentary evidence that was in the proposed exhibits but never introduced at trial. His

---

[2] Wolff's motion is not a model of clarity. It appears he also moves for new trial on the ground that the Court should have allowed him to amend his complaint and request that the FOT Agreement be voided. This argument is emphasized in his reply. The Court rejects this argument, and Wolff's contention in his reply that Tomahawk "conceded" the argument. The Court rejects all other arguments not specifically addressed herein.

[3] Wolff's motion is unclear. The employment claims are raised in the Rule 50(b) section, but Wolff never raised any Rule 50(a) motion relating to the employment claims, nor does his citation to the FOT Agreement (contract claim) Rule 50(a) discussion remotely related to the employment claims. Further, the substance of the argument appears related to Rule 59(e). Thus, the Court discusses the employment claim under Rule 59(e).

PAGE 7 – ORDER

testimony was confusing and sometimes contradictory. It was reasonable for the jury to conclude that Wolff did not meet his burden of proof on those claims.

Wolff fails to show on his Rule 59(e) motion that "the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or [must be overturned] to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (quoting *Passantino*, 212 F.3d at 510 n.15). The Court thus denies this aspect of Wolff's motion.

## C. Conclusion

The Court DENIES Plaintiff's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for New Trial, ECF 564.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 8 – ORDER